**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RONALD JAVIER RINCON VILLALOBOS, Petitioner, | ) | |
| v. | ) | Case No. CIV-26-02454-JD |
| FRED FIGUEROA, et al., Respondents. | ) | |

**ORDER TO RESPONDENTS TO SHOW CAUSE**

The U.S. Court of Appeals for the Tenth Circuit ruled in favor of a habeas petitioner that 8 U.S.C. § 1226(a) governs pre-adjudicative detention and provides "eligib[ility] for release or entitle[ment] to a bond hearing." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1233 (10th Cir. 2026). While this Court is aware of the pending circuit split[1] and the government's petition for a writ of certiorari filed in the U.S. Supreme Court concerning a Sixth Circuit case with the same legal issue,[2] this lower district court is bound to follow Tenth Circuit authority absent Supreme Court precedent.

[1] *See id.* at 1235 (noting that "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who, like Santillan Quiroz, are found in the country's interior" while the "Fifth and Eighth Circuits have agreed with the Government that § 1225(b)(2)(A) applies" and noting that "[e]very other numbered circuit has heard argument on the question"). The Seventh and Ninth Circuits also recently issued split-panel decisions siding with the petitioners. *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026).

[2] Like the Tenth Circuit, the Sixth Circuit ruled that § 1226(a) applies instead of 8 U.S.C. § 1225(b)(2)(A), which mandates detention. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026). *Cf.* Cert. Pet., *Buenrostro-Mendez v. Blanche*, No. 26-43 (filed July 2, 2026) (Buenrostro-Mendez's petition for a writ of

Upon review of the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") [Doc. No. 1], and taking judicial notice of the status of Petitioner's immigration proceedings on the Executive Office for Immigration Review's Automated Case Information System,[3] Petitioner may fall into the "pre-adjudicative detention" posture at issue in *Santillan Quiroz*. Accordingly, the Court ORDERS Respondents to show cause within seven (7) days why the Petition should not be granted on this basis and why Petitioner should not be "provide[d] . . . with a bond hearing or else release[d]." *Santillan Quiroz*, 180 F. 4th at 1251 n.13.

IT IS SO ORDERED this 15th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

certiorari challenging the Fifth Circuit's decision that § 1225(b)(2)(A) applies instead of § 1226(a)).

[3] *See* Executive Office of Immigration Review, Automated Case Information System, https://acis.eoir.justice.gov/en/caseInformation (last accessed September 15, 2026); *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice . . . .").